IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

D.A.[1],

Plaintiff,

v. Case No. 25-1166-JWB

FRANK BISIGNANO,
*Commissioner of Social Security,*

Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's response to the court's show cause order. (Doc. 15.)

**I. Facts and Procedural History**

Plaintiff filed this action on July 28, 2025, seeking review of a decision by the Social Security Administration. (Doc. 1.) On September 29, 2025, Defendant Frank Bisignano, Commissioner of Social Security, filed a copy of the administrative record before the agency. (Doc. 9.) That same day, the court instructed Plaintiff to file his initial brief by October 29, 2025—30 days from the date of the Commissioner's submission. (*Id.*)

On September 30, 2025, the court received a letter from Plaintiff stating that his mailing address had changed. (Doc. 11.) Over 6 months passed and, on April 10, 2026, two letters sent to Plaintiff by the court on August 7, 2025, were returned to the court as undeliverable. (Docs. 12–13.) Those letters concerned Plaintiff's complaint and motion for leave to proceed in forma pauperis, respectively, and were re-mailed to his new address. (*Id.*) Plaintiff failed to timely file an initial brief.

[1] Plaintiff's initials are used for privacy concerns.

On July 22, 2026, the court ordered that, by August 12, 2026, Plaintiff must show cause as to why this case should not be dismissed for failure to prosecute. (Doc. 14.) Plaintiff mailed a response on August 12, 2026, which the court received two days later. (Doc. 15.) He asserts that he had to relocate from Winfield, Kansas, to Wellington, Kansas. (Docs. 1, 15.) Plaintiff explains that, on top of contacting the court, he talked to the Commissioner's counsel, who purportedly mailed Plaintiff's medical records to his old address but did not indicate whether those records had been sent to Plaintiff's new address. (*Id.*) He then adds that he asked the Winfield Police Department to retrieve the medical records from his old address and received them "about a month later." (*Id.*) Plaintiff insists that, because he "notified the clerk [and] attorney of the issue," the court ought to grant him an extension to file his initial brief. (*Id.*)

The court construes Plaintiff's response to the show cause order as a motion for an extension of time. The Commissioner has not filed a brief in opposition to Plaintiff's requested relief, although he was not required to do so as it was not presented as a motion.

## II. Standards

Under Rule 83.7.2(b) of the court's rules of practice, a plaintiff in a Social Security action "must serve and file a brief within 30 days after the date on which the answer is filed or 30 days after entry of an order disposing of the last motion filed under [Federal Rule of Civil Procedure] 4(c), whichever is later." D. Kan. R. 83.7.2(b). The plaintiff may request an extension of time to file the brief, provided that he or she do so "as soon as practicable." But, if the plaintiff "fails to prosecute or to comply with these rules," then the court may dismiss the action. Fed. R. Civ. P. 41(b); *see Huggins v. Supreme Court of the U.S.*, 480 F. App'x 915, 916–17 (10th Cir. 2012) (explaining that Rule 41(b) has been "consistently interpreted . . . 'to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute'").

## III. Analysis

To determine whether Plaintiff is entitled to the relief requested, the court must address Plaintiff's failure to file an initial brief by October 29, 2025, and a response to the court's show-cause order by August 12, 2026. Neither warrants dismissal.

Indeed, Plaintiff notified the court of his change of address, (Doc. 11), communicated with the Commissioner's counsel about his medical records, (Doc. 15), and asked the Winfield Police Department to retrieve his mail. (*Id.*). Based on this sequence of events and the lack of access to records, the court will excuse the late response and grant Plaintiff's motion for an extension of time to file his initial brief.

Plaintiff has until October 5, 2026, to file a brief in support of his petition for benefits. The court reminds Plaintiff that, if he mails his initial brief, he should do so before that deadline. A failure to timely file his initial brief could result in dismissal of this case. *See* Fed. R. Civ. P. 41(b); *Huggins*, 480 F. App'x at 916–17.

## IV. Conclusion

Based on the foregoing, Plaintiff's requested relief of an extension of time to file his initial brief (Doc. 15) is GRANTED. Plaintiff shall file an initial brief in support of his petition for benefits by October 5, 2026.

IT IS SO ORDERED. Dated this 3rd day of September 2026.

s/ John Broomes
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE